AMERICAN SAMOA GOVERNMENT, Plaintiff

v.

PEPE LAM YUEN, Defendant

High Court of American Samoa
Trial Division

CR No. 34-89

November 27, 1989

Before REES, Associate Justice.

Counsel: For Plaintiff, Jeff Buckner, Assistant Attorney General
For Defendant, William H. Reardon

On Motion to Suppress Evidence:

Defendant moves to suppress evidence seized pursuant to a search warrant. Counsel for defendant cites *Illinois v. Gates*, 462 U.S. 213 (1983), and *Massachusetts v. Upton*, 466 U.S. 727 (1984), for the proposition that a warrant grounded on information supplied by a confidential informant is constitutionally defective in the absence of "independent corroboration of the tip." Neither case stands for such a proposition; indeed, *Upton* specifically rejected an almost identical argument. *See* 466 U.S. at 730. It is true that extrinsic evidence tending to corroborate information provided by an informant might be important to bolster a relatively weak showing on either of the two principal factors considered by issuing magistrates in such cases: the credibility of the informant and the basis of the informant's knowledge. *Gates, supra*, 462

U.S. at 227-28. In the present case, however, neither of these factors needed bolstering.

The police officer's affidavit stated persuasively and with particularity the grounds for the officer's belief that the informant was personally reliable and had a reliable basis for knowing whereof he spoke. The officer swore that he had personally known the informant for over a year; that the informant had previously provided information which had proved reliable and trustworthy; and that information provided by this informant had in fact been instrumental in securing more than one criminal conviction. The information provided to the officer, moreover, was that the informant had not only been told about the existence and location of the substance in question by the defendant himself, but had also seen it personally and actually obtained samples.

This showing would have been sufficient to justify the judge in finding probable cause to believe the substance was present at that location even if there had been no extrinsic corroborating evidence. In fact, however, the police officer himself tested the samples provided by the informant and found them to be marijuana. This test tended to corroborate only part of the informant's story, and not the part tying the marijuana to the location in question; but if the officer had tried to corroborate that part of the story *before* applying for a warrant, defendant might well have been justified in complaining of a warrantless search. Instead, the officer went before a judge and told him why he believed that the informant (1) was trustworthy and (2) had a reliable basis for knowing the truth or falsehood of the information he had given to the officer.

The judge's task was to make "a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him . . . there [was] a fair probability that contraband or evidence of a crime [would] be found . . . ." *Gates, supra,* at 238. The duty of this Court in reviewing the issuing judge's decision is not to try the question anew but "simply to ensure that the magistrate had a 'substantial basis for . . . conclud[ing]' that probable cause existed." *Id.* at 238-39, quoting *Jones v. United States,* 362 U.S. 257, 271 (1960). The judge's conclusion was clearly supported by the record.

The memorandum accompanying the present motion also alleges that the police officer's affidavit "contains material false and misleading statements" and that a statement given to the officers by the defendant

51

was not voluntarily made. No evidence in support of these contentions was adduced at the hearing on the motion.

Accordingly, the motion is denied.

It is so ordered.